Brian J. Lawler, CA SBN 221488
Miranda L. Gahn, *pro hac vice* pending
**PILOT LAW, P.C.**
4632 Mt. Gaywas Dr.
San Diego, CA 92117
Telephone: (619) 255-2398
blawler@pilotlawcorp.com

Robert T. Vorhoff, *pro hac vice* pending
6221 S. Claiborne Avenue
Suite 605
New Orleans, Louisiana 70125
(504) 867-7525 (Tel)
(504) 534-5944 (Fax)
rvorhoff@vorhoff-legal.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN BURIAK, individually and on behalf of JAMES P. BURIAK, deceased; C. B., a minor by and through his Guardian ad Litem, MEGAN BURIAK; JILL CULPEPPER, individually and on behalf of BAILEY J. TUCKER, deceased; LUCAS BURNS, individually and on behalf of SARAH F. BURNS, deceased.<br><br>Plaintiffs,<br>v.<br><br>SIKORSKY AIRCRAFT CORP., a Delaware Corporation.<br><br>Defendant. | Case No.: '23CV1585 L    DEB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**<br>**(2) STRICT PRODUCTS LIABILITY (FAILURE TO WARN)**<br>**(3) NEGLIGENCE** |

-1-
COMPLAINT FOR DAMAGES                                   CASE NO.:

COME NOW Plaintiffs MEGAN BURIAK, individually and on behalf of JAMES P. BURIAK, deceased; C. B., a minor by and through his Guardian ad Litem, MEGAN BURIAK; JILL CULPEPPER, individually and on behalf of BAILEY J. TUCKER, deceased; LUCAS BURNS, individually and on behalf of SARAH F. BURNS, deceased (collectively "Plaintiffs"), who complain and allege upon information and belief based, among other things, upon the investigation made by Plaintiffs, by and through their attorneys, as follows:

## PARTIES

1. MEGAN BURIAK files this action for herself and on behalf of James Buriak, deceased, and the minor C.B. MEGAN BURIAK is the former spouse of the decedent James Buriak and the Guardian ad Litem of C.B.

2. MEGAN BURIAK is a resident of San Diego, California.

3. JILL CULPEPPER files this action for herself and on behalf of Bailey Tucker, deceased. JILL CULPEPPER is the mother of the decedent Bailey Tucker.

4. JILL CULPEPPER is a resident of Colorado Springs, Colorado.

5. LUCAS BURNS files this action for himself and on behalf of Sarah Burns, deceased. LUCAS BURNS is the former spouse of the decedent Sarah Burns.

6. LUCAS BURNS is a resident of San Diego, California.

7. Defendant SIKORSKY is a Delaware Corporation with its headquarters and principal place of business in Stratford, Connecticut.

8. Whenever and wherever reference is made to persons who are not named as a Defendant in this action, but were employees/agents of Defendant, such persons at all times acted on behalf of Defendant named in this action within the scope of their respective employments and agencies.

## JURISDICTION AND VENUE

9. This action is brought pursuant to the Death on the High Seas Act 46 U.S.C. §§ 30301-30308 ("DOHSA").

10. Jurisdiction of this court is founded on federal question jurisdiction pursuant to 28 U.S.C. §1331.

11. Defendant, SIKORSKY is subject to suit pursuant to the DOHSA.

12. This Court has personal jurisdiction over SIKORSKY because, upon information and belief, at all relevant times SIKORSKY had continuing and systematic contacts within the State of California by delivering its products and services into the stream of commerce with the expectation that they would reach and be used in this state.

13. Venue is proper because at all times relevant herein, decedents were embarked upon a U.S. Navy vessel with its home port in San Diego, California and the decedents' squadron, Helicopter Sea Combat Squadron 8 ("HSC-8") is based in San Diego, California. Additionally, at all times relevant herein, each Plaintiff's decedent resided in San Diego County, California.

## GENERAL FACTUAL ALLEGATIONS

### The MH-60S Design

14. SIKORSKY designed, developed, and manufactured the MH-60S Seahawk ("Seahawk"), which is a twin-engine helicopter utilizing a four-blade main rotor.

15. The Seahawk is the U.S. Navy's version of the SIKORSKY UH-60 Blackhawk helicopter.

16. SIKORSKY incorporated a main rotor damper system in its design of the Seahawk to limit the lead/lag of the main rotor blades.

17. Undampened lead/lag of a helicopter's main rotor blades can cause extreme vibrations and a dangerous condition known as ground resonance.

18. SIKORKSY's UH-60 Blackhawk design uses four independent hydraulic accumulators (one per blade) in its main rotor damper system, so that loss of fluid in any single damper will not impact the other three, thereby minimizing the risk of excessive vibrations and ground resonance.

19. SIKORSKY's design for the Seahawk, however, features four dampers supplied by a shared accumulator, with hydraulic fluid routed to each damper via four braided hoses, which are labeled red, black, blue, and yellow.

20. With the Seahawk's main rotor damper system design, a component failure triggering a loss of hydraulic pressure, such as a break in any of the four damper hoses, will result in a loss of pressure to all four dampers.

21. SIKORSKY also configured the hydraulic damper hoses so that they were located adjacent to the attachment point on the main rotor for a tool known as a spindle pry bar, which was also designed and manufactured by SIKORSKY.

22. The location of the hydraulic damper hoses rendered them susceptible to kinking and other damage from the spindle pry bar during maintenance on the main rotor.

23. There were no adequate inspection criteria to detect mechanical damage to the damper hoses from bending or kinking.

### The Aircraft Mishap

24. On August 31, 2021, Plaintiffs' decedents, Petty Officer 2nd Class James Buriak ("Buriak"), Petty Officer 2nd Class Sarah Burns ("Burns"), and Petty Officer 3rd Class Bailey Tucker ("Tucker"), were naval aircrew members aboard a Seahawk helicopter, Bureau Number 167899, also known as Loosefoot 616 ("LF616"), assigned to the U.S.S. ABRAHAM LINCOLN ("ABE").

25. After completing a 2.5-hour plane guard/search and rescue mission, a tragic accident occurred when LF616 experienced severe lateral and vertical vibrations upon landing aboard the ABE.

26. As the vibrations intensified, the aircraft began a left and right yaw causing the aircraft's rotor blades to impact ABE's flight deck, and LF616 fell over the starboard side of the ABE into the ocean.

27. Buriak, Burns, and Tucker died in the crash and their bodies were not recovered until five weeks after the mishap.

28. There is no evidence that weather conditions or pilot error were causal or contributing factors to the mishap.

29. The mishap was caused by the catastrophic failure of LF616's yellow main rotor blade damper hose in flight, resulting in total loss of main rotor system dampening, which induced severe vibrations and uncontrollable ground resonance upon touchdown.

30. The damper hose failed in flight because of mechanical damage due to the bending or kinking of the hose from use of a spindle pry bar during main rotor maintenance.

31. The severe vibrations and uncontrollable ground resonance LF616 experienced upon touchdown was due to SIKORSKY's unreasonably dangerous and defective design of a single point of failure main rotor damper system on the Seahawk.

32. The failure of LF616's yellow main rotor damper hose was due to SIKORSKY's unreasonably dangerous and defective design of a damper system that was susceptible to damage from the routine use of a spindle pry bar during maintenance on the main rotor.

33. The failure of LF616's yellow main rotor damper hose was further due to SIKORSKY's unreasonably dangerous and defective design of a spindle pry bar that was prone to bend or kink main rotor damper hoses during routine use.

34. SIKORSKY knew that use of the spindle pry bar would cause bending or kinking of the damper hoses.

35. SIKORSKY knew that any break or failure in any one of the four damper hoses would cause a complete failure of the damper system, thereby unreasonably and unnecessarily endangering the aircraft and crew.

36. SIKORSKY's defective design of the Seahawk's main rotor damping system was the proximate cause of LF616's mishap and the deaths of Buriak, Burns, and Tucker.

# FIRST CAUSE OF ACTION
## Strict Products Liability (Design Defect)

37. Plaintiffs hereby allege and incorporate by reference the allegations asserted in paragraphs 1-36 above as if stated herein *in extenso*.

38. Buriak, Burns, and Tucker had a reasonable expectation that LF616's main rotor damper system would not suffer a catastrophic failure during normal operations.

39. SIKORSKY defectively designed the Seahawk's main rotor damper system with a single point of failure, which was unreasonably dangerous.

40. An alternative safer design was known and available for the Seahawk's main rotor damper system, as evidenced by the UH-60 main rotor damper system using separate hydraulic accumulators, which limits the system to loss of a single damper in the event of a damper failure.

41. SIKORSKY's defective design of the Seahawk's main rotor damper system was also unreasonably dangerous because the damper hoses were susceptible to damage from kinking and bending from use of the spindle pry bar during routine main rotor maintenance, and SIKORSKY knew there was no adequate inspection criteria to detect mechanical damage to the damper hoses from bending or kinking.

42. SIKORSKY defectively designed the spindle pry bar, in that its reasonably foreseeable use resulted in bending, kinking, and other damage to the damper hoses.

43. An alternative and safer design for the spindle pry bar was available as well, as evidenced by the Navy's subsequent modification of the spindle pry bar to prevent bending of the damper hose when the pry bar is in use.

44. SIKORSKY's defective design led to the failure of LF616's yellow damper hose and instantaneous loss of the entire main rotor damper system, which induced catastrophic ground resonance and resulted in the deaths of Buriak, Burns, and Tucker.

45. Thus, SIKORSKY's defective design was a substantial factor in the deaths of Buriak, Burns, and Tucker.

46. As a direct and proximate result of SIKORSKY's defective design of the main rotor damper system, Buriak, Burns, and Tucker were forced to endure extreme mental anguish, fear of impending death, and severe physical injuries before ultimately drowning as LF616 sank to the bottom of the ocean.

47. As the sole heirs of decedents, and as successors in interest, Plaintiffs hereby assert survivor claims on behalf of Buriak, Burns, and Tucker, pursuant to California Code of Civil Procedure Sections 377.10, 377.20, 377.30, *et seq.*, and all other applicable statutes and case law, and succeed to causes of action that might have been brought by Buriak, Burns, and Tucker. Plaintiffs have or will file a declaration under penalty of perjury as required by Code of Civil Procedure Section 377.32.

48. As a result of the foregoing, Plaintiffs are entitled to compensation for the decedents' mental and physical pain and suffering, burial and funeral expenses, and other damages to be proven at trial.

49. As a further result of SIKORSKY's defective design, Plaintiffs have been deprived of the support that Buriak, Burns, and Tucker would have contributed to their respective families and estates during their lifetimes, and the gifts and benefits that Buriak, Burns, and Tucker would have bestowed upon them and that they reasonably expected to receive from them, as well as the amount of reasonable household services that Buriak, Burns, and Tucker would have provided, and hereby assert a wrongful death cause of action under California Code of Civil Procedure Section 377.60.

50. Plaintiffs additionally suffered damages, including, but not limited to, pecuniary losses, property losses, love, care, consortium, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

51. Plaintiffs have therefore been damaged in amounts to be proven at trial.

52. As a result of the foregoing, Plaintiffs have sustained and are entitled to recover compensatory damages, including but not limited to pecuniary losses, losses of support, services, property losses, parental and filial training, education, love, care,

comfort, society, solace moral support, guidance, prospective inheritance, emotional distress, grief and sorrow.

## SECOND CAUSE OF ACTION

### Strict Products Liability (Failure to Warn)

53. Plaintiffs hereby allege and incorporate by reference the allegations asserted in paragraphs 1-52 above as if stated herein *in extenso*.

54. SIKORSKY knew the potential risk of its single point of failure design for the Seahawk main rotor damper system at the time of manufacture, and in light of the scientific and technical knowledge that was generally accepted in the aviation community.

55. The potential risk of catastrophic failure of the main rotor damper system presented a substantial danger of injury or death to aircrews from extreme vibrations or ground resonance during the Seahawk's normal operations.

56. SIKORSKY also knew that Seahawk aircrew would not have recognized the risk of ground resonance induced by failure of a single damper hose or the risk of damage to the damper hoses by use of the spindle pry bar.

57. SIKORSKY knew that there were no adequate inspection criteria to detect mechanical damage to the damper hoses from bending or kinking.

58. As such, SIKORSKY knew there was a risk of catastrophic failure of the main rotor damper system and that this presented a substantial danger during the Seahawk's reasonably foreseeable, normal, and intended operations.

59. SIKORSKY failed to adequately warn or instruct of the potential risks.

60. SIKORSKY's failure to provide sufficient instructions or warnings was a substantial factor in causing the deaths of Buriak, Burns, and Tucker.

61. As a direct and proximate result of SIKORSKY's failure to provide sufficient instructions or warnings, Buriak, Burns, and Tucker were forced to endure extreme

mental anguish, fear of impending death, and severe physical injuries before ultimately drowning as LF616 sank to the bottom of the ocean.

62. As the sole heirs of decedents, and as successors in interest, Plaintiffs hereby assert survivor claims on behalf of Buriak, Burns, and Tucker, pursuant to California Code of Civil Procedure Sections 377.10, 377.20, 377.30, *et seq*., and all other applicable statutes and case law, and succeed to causes of action that might have been brought by Buriak, Burns, and Tucker. Plaintiffs have or will file a declaration under penalty of perjury as required by Code of Civil Procedure Section 377.32.

63. As a result of the foregoing, Plaintiffs are entitled to compensation for the decedents' mental and physical pain and suffering, burial and funeral expenses, and other damages to be proven at trial.

64. As a further result of SIKORSKY's defective design, Plaintiffs have been deprived of the support that Buriak, Burns, and Tucker would have contributed to their respective families and estates during their lifetimes, and the gifts and benefits that Buriak, Burns, and Tucker would have bestowed upon them and that they reasonably expected to receive from them, as well as the amount of reasonable household services that Buriak, Burns, and Tucker would have provided, and hereby assert a wrongful death cause of action under California Code of Civil Procedure Section 377.60.

65. Plaintiffs additionally suffered damages, including, but not limited to, pecuniary losses, property losses, love, care, consortium, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

66. Plaintiffs have therefore been damaged in amounts to be proven at trial.

67. As a result of the foregoing, Plaintiffs have sustained and are entitled to recover compensatory damages, including but not limited to pecuniary losses, losses of support, services, property losses, parental and filial training, education, love, care, comfort, society, solace moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

## THIRD CAUSE OF ACTION

### Negligence

68. Plaintiffs hereby allege and incorporate by reference the allegations asserted in paragraphs 1-67 above as if stated herein *in extenso*.

69. SIKORSKY had a duty to properly design the Seahawk for its intended purpose, *i.e.*, the safe transport of aircrew, and to warn of defects likely to cause injury or death during ordinary foreseeable operations.

70. SIKORSKY breached its duty by designing the Seahawk with a single point of failure main rotor damper system, configuring the damper hoses such that they were susceptible to damage when a spindle pry bar was used for main rotor maintenance, and designing a spindle pry bar that caused damage to the damper hoses by kinking or bending the damper hoses during use.

71. SIKORSKY was aware of feasible alternative designs, component parts, and accessories that would have eliminated or substantially minimized the known risks of its Seahawk main rotor damper system and spindle pry bar design.

72. SIKORSKY further breached its duty by failing to provide adequate warning and instruction of the potential for severe vibrations and ground resonance induced by catastrophic loss of the main rotor damper system in the event of a single damper hose failure.

73. SIKORSKY's negligence was a direct and proximate cause of the deaths of Buriak, Burns, and Tucker.

74. As a direct and proximate result of SIKORSKY's negligence, Buriak, Burns, and Tucker were forced to endure extreme mental anguish, fear of impending death, and severe physical injuries before ultimately drowning as LF616 sank to the bottom of the ocean.

75. As the sole heirs of decedents, and as successors in interest, Plaintiffs hereby assert survivor claims on behalf of Buriak, Burns, and Tucker, pursuant to California

Code of Civil Procedure Sections 377.10, 377.20, 377.30, *et seq.*, and all other applicable statutes and case law, and succeed to causes of action that might have been brought by Buriak, Burns, and Tucker. Plaintiffs have or will file a declaration under penalty of perjury as required by Code of Civil Procedure Section 377.32.

76. As a result of the foregoing, Plaintiffs are entitled to compensation for the decedents' mental and physical pain and suffering, burial and funeral expenses, and other damages to be proven at trial.

77. As a further result of SIKORSKY's defective design, Plaintiffs have been deprived of the support that Buriak, Burns, and Tucker would have contributed to their respective families and estates during their lifetimes, and the gifts and benefits that Buriak, Burns, and Tucker would have bestowed upon them and that they reasonably expected to receive from them, as well as the amount of reasonable household services that Buriak, Burns, and Tucker would have provided, and hereby assert a wrongful death cause of action under California Code of Civil Procedure Section 377.60.

78. Plaintiffs additionally suffered damages, including, but not limited to, pecuniary losses, property losses, love, care, consortium, comfort, society, solace, moral support, guidance, prospective inheritance, emotional distress, grief, and sorrow.

79. Plaintiffs have therefore been damaged in amounts to be proven at trial.

80. As a result of the foregoing, Plaintiffs have sustained and are entitled to recover compensatory damages, including but not limited to pecuniary losses, losses of support, services, property losses, parental and filial training, education, love, care, comfort, society, solace moral support, guidance, prospective inheritance, emotional distress, grief and sorrow.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, SIKORSKY, for damages as follows:

1. Loss of financial support that decedents would have contributed to their families;

2. Loss of the reasonable value of household services decedents would have provided to their families;

3. Loss of decedents' love, companionship, comfort, and care;

4. Loss of consortium;

5. Burial expenses;

6. Decedents' physical pain and suffering and emotional distress; and

7. Any other damages or costs to which Plaintiffs may be entitled to under all applicable laws.

Respectfully Submitted,

Dated:  August 29, 2023            PILOT LAW, P.C.

By: _/s/ *Brian J. Lawler*_____
    BRIAN J. LAWLER
    MIRANDA L. GAHN
    ROBERT T. VORHOFF
    Attorneys for Plaintiffs