1

**RILEY SAFER HOLMES & CANCILA LLP**
CHRISTOPHER S. HICKEY (CSB #198938)

2

chickey@rshc-law.com
100 Spectrum Center Drive, Suite 650

3

Irvine, CA  92618
T: (949) 359-5500

4

F: (949) 359-5501

5

Attorneys for Defendant
SIKORSKY AIRCRAFT CORPORATION

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

MEGAN BURIAK, individually and on
behalf of JAMES P. BURIAK, deceased;

12

C. B., a minor by and through his Guardian
ad Litem, MEGAN BURIAK; BRAD

13

BILYEU, individually and on behalf of
BAILEY J. TUCKER, deceased; LUCAS

14

BURNS, individually and on behalf of
SARAH F. BURNS, deceased,

15

Plaintiffs,

16

v.

17

SIKORSKY AIRCRAFT CORP., a

18

Delaware corporation,

19

Defendant.

Case No.  3:23-cv-01585-L-DEB

**DEFENDANT SIKORSKY AIRCRAFT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

20

21

   Defendant Sikorsky Aircraft Corporation (hereinafter "Sikorsky" or "Defendant"), by and

22

through its undersigned counsel, hereby answers Plaintiffs' Second Amended Complaint

23

("Complaint").

24

25

   Sikorsky denies each and every allegation except those allegations that are expressly

26

admitted, qualified, or otherwise answered herein.  Sikorsky further admits, denies, and alleges as

27

follows:

28

## **THE PARTIES**

### **Plaintiffs**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and, accordingly, denies the same, and denies Plaintiff has standing to sue.

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and, accordingly, denies the same.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and, accordingly, denies the same.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and, accordingly, denies the same, and denies Plaintiff has standing to sue.

5.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and, accordingly, denies the same.

6.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and, accordingly, denies the same.

7.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and, accordingly, denies the same, and denies Plaintiff has standing to sue.

/ / /

/ / /

- 2 -

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and, accordingly, denies the same.

9.      Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and, accordingly, denies the same.

10.     Defendant admits that it is a Delaware corporation with its principal place of business in Connecticut.

11.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 11 of Complaint and, accordingly, denies the same.

## JURISDICTION AND VENUE

12.     Defendant admits that the subject accident occurred more than three nautical miles before the shore of the United States and admits that the Death on the High Seas Act (DOHSA) provides the applicable law as to plaintiffs' claims.

13.     Defendant admits this Court has subject matter jurisdiction over plaintiffs' claims.

14.     Defendant admits that the Death on the High Seas Act (DOHSA) provides the applicable law as to plaintiffs' claims.  As to the remainder of the allegations contained in this paragraph, if any, Defendant has insufficient knowledge or information to form a belief, and therefore leaves the plaintiffs to their proof.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and, accordingly, denies the same.

/ / /

**GENERAL FACTUAL ALLEGATIONS**

17. Defendant admits that it manufactured the subject MH-60S helicopter pursuant to government contracts, requirements, and specifications and that it sold the subject helicopter to the United States government. Defendant further admits the MH-60S helicopter is a twin-engine, four-bladed helicopter. Defendant denies the remaining allegations, if any, set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant admits the MH-60S includes a main rotor damper system to reduce lead/lag of the main rotor blades. Defendant denies the remaining allegations, if any, set forth in Paragraph 19 of the Complaint.

20. Defendant admits undampened lead/lag movement of main rotor blades may result in ground resonance. Defendant denies the remaining allegations, if any, set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant admits that the MH-60S includes four main rotor dampers and one accumulator. Defendant further admits that the accumulator is connected to the main rotor dampers via four hoses labeled red, blue, yellow and black. Defendant denies the remaining allegations, if any, set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and, accordingly, denies the same.

29.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint and, accordingly, denies the same.

30.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint and, accordingly, denies the same.

31.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and, accordingly, denies the same.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendant admits the Navy investigation concluded the damper system likely lost hydraulic pressure because of mechanical damage caused by the failure to disconnect the damper hose during maintenance.  Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations, if any, in paragraph 33 of plaintiffs' Complaint and, accordingly, denies the same.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

/ / /

39.     Defendant denies the allegations set forth in Paragraph 39 of the Complaint. Defendant further denies the subject helicopter was defective and denies that Defendant caused or contributed to the accident at issue in the Complaint.

## FIRST CAUSE OF ACTION

### Strict Products Liability (Design Defect)

40.     Defendant restates and incorporates by reference Paragraphs 1 through 39 of this Answer as if fully set forth herein.  In addition, any claim by Plaintiffs for strict product liability violates the provisions of federal statute DOHSA, 46 U.S.C. §§30301-30308.

41.     Defendant admits that it manufactured the subject MH-60S helicopter pursuant to government contracts, requirements, and specifications and that it sold the subject helicopter to the United States government. To the extent paragraph 41 contains additional allegations, Defendant denies them, denies the subject helicopter was defective, and denies that Defendant caused or contributed to the accident at issue in the Complaint.

42.     Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint and, accordingly, denies the same.  Defendant further denies the subject helicopter was defective and denies that Defendant caused or contributed to the accident at issue in the Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint. Defendant further denies the subject helicopter was defective and denies that Defendant caused or contributed to the accident at issue in the Complaint.

46.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

/ / /

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of the Complaint. Defendant further denies the subject helicopter was defective and denies that Defendant caused or contributed to the accident at issue in the Complaint.

49.     Defendant denies the allegations set forth in Paragraph 49 of the Complaint. Defendant further denies the subject helicopter was defective and denies that Defendant caused or contributed to the accident at issue in the Complaint.

50.     Defendant denies the allegations set forth in Paragraph 50 of the Complaint. Defendant further denies the subject helicopter was defective and denies that Defendant caused or contributed to the accident at issue in the Complaint.

51.     To the extent the allegations in Paragraph 51 are directed at Defendant, Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

## SECOND CAUSE OF ACTION

### Strict Products Liability (Failure to Warn)

52.     Defendant restates and incorporates by reference Paragraphs 1 through 51 of this Answer as if fully set forth herein.  In addition, any claim by Plaintiffs for strict product liability violates the provisions of federal statute DOHSA, 46 U.S.C. §§30301-30308.

53.     Defendant admits that it manufactured the subject MH-60S helicopter pursuant to government contracts, requirements, and specifications and that it sold the subject helicopter to the United States government. To the extent paragraph 53 contains additional allegations, Defendant denies them, denies the subject helicopter was defective, and denies that there was any wrongful act, neglect, or default, to include any failure to warn, on its part which caused or contributed to the accident at issue in the Complaint.

/ / /

- 7 -

54.     Defendant admits it understands the concept of single point failures.  Defendant further admits that it manufactured the subject MH-60S helicopter pursuant to government contracts, requirements, and specifications and that it sold the subject helicopter to the United States government. To the extent paragraph 54 contains additional allegations, Defendant denies them, denies the subject helicopter was defective, and denies that Defendant caused or contributed to the accident at issue in the Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Complaint. Defendant further denies the subject helicopter was defective, and denies that there was any wrongful act, neglect, or default, to include any failure to warn, on its part which caused or contributed to the accident at issue in the Complaint.

60.     Defendant denies the allegations set forth in Paragraph 60 of the Complaint. Defendant further denies the subject helicopter was defective, and denies that there was any wrongful act, neglect, or default, to include any failure to warn or failure to provide instruction, on its part which caused or contributed to the accident at issue in the Complaint.

61.     Defendant denies the allegations set forth in Paragraph 61 of the Complaint. Defendant further denies the subject helicopter was defective, and denies that there was any wrongful act, neglect, or default, to include any failure to warn or failure to provide instruction, on its part which caused or contributed to the accident at issue in the Complaint.

62.     To the extent the allegations in Paragraph 62 are directed at Defendant, Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

1

**THIRD CAUSE OF ACTION**

2

**Negligence**

3

4

63.     Defendant restates and incorporates by reference Paragraphs 1 through 62 of this

5

Answer as if fully set forth herein.

6

64.     Defendant admits that it manufactured the subject MH-60S helicopter pursuant to

7

government contracts, requirements, and specifications and that it sold the subject helicopter to

8

the United States government. To the extent paragraph 64 contains additional allegations,

9

Defendant denies them, denies the subject helicopter was defective, and denies that there was any

10

wrongful act, neglect, or default, to include any failure to warn, on its part which caused or

11

contributed to the accident at issue in the Complaint.

12

65.     Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

13

Defendant further denies the subject helicopter was defective and denies that Defendant caused or

14

15

contributed to the accident at issue in the Complaint.

16

66.     Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

17

Defendant further denies the subject helicopter was defective and denies that Defendant caused or

18

contributed to the accident at issue in the Complaint.

19

20

67.     Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

21

Defendant further denies the subject helicopter was defective, and denies that there was any

22

wrongful act, neglect, or default, to include any failure to warn or failure to provide instruction,

23

on its part which caused or contributed to the accident at issue in the Complaint.

24

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

25

Defendant further denies the subject helicopter was defective, and denies that there was any

26

wrongful act, neglect, or default, to include any failure to warn or failure to provide instruction,

27

on its part which caused or contributed to the accident at issue in the Complaint.

28

- 9 -

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint. Defendant further denies the subject helicopter was defective, and denies that there was any wrongful act, neglect, or default, to include any failure to warn or failure to provide instruction, on its part which caused or contributed to the accident at issue in the Complaint.

70.     To the extent the allegations in Paragraph 70 are directed at Defendant, Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

## AS TO PRAYER FOR RELIEF

71.     Defendant denies that Plaintiffs are entitled to judgment against Defendant. Defendant denies that plaintiffs are entitled to the relief sought in their prayer for relief against Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Sikorsky asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs lack standing to bring their claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiffs' claims are barred by the doctrine of learned intermediary.

/ / /

- 10 -

**FIFTH AFFIRMATIVE DEFENSE**

5.      The Plaintiffs have failed to join necessary and indispensable parties.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Defendant's products, if any, conformed to the "state of the art" at the time of sale, and were designed, manufactured, and tested pursuant to generally recognized and prevailing industry and government standards, and conformed with statutes, regulations and requirements that governed the products.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The benefits of the design of Defendant's products, if any, outweigh the risks associated therewith, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiffs' and Plaintiff's decedent's acts and omissions caused and/or contributed to the damages claimed thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.

**NINTH AFFIRMATIVE DEFENSE**

9.      Plaintiffs and Plaintiff's decedent voluntarily and knowingly assumed the risk, hazards, and dangers of their activities.

**TENTH AFFIRMATIVE DEFENSE**

10.     The conduct or fault, if any, of Defendant was not a substantial factor in bringing about Plaintiffs' alleged damages and, therefore, was not a contributing cause thereof.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     The conduct or fault, if any, of Defendant was superseded by the conduct or fault

of others, which was an independent intervening and proximate cause of any damages suffered by Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs' damages complained of were proximately caused by acts or omissions of third persons over whom Defendant exercised no control and for whose conduct Defendant bears no responsibility. Those acts or omissions were the sole, direct and proximate cause of Plaintiffs' damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant's products described in the Complaint were subsequently installed, removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Defendant, and over whom Defendant had no control or right of control, and such installation, removal, change, alteration, repair, modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse proximately caused and contributed to the events alleged in the Complaint and the resulting damages complained of, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant's products described in the Complaint were intended for, and sold to, a knowledgeable and sophisticated user over whom Defendant had no control and who were fully informed as to the risks and dangers, if any, associated with the products and the precautions, if any, required to avoid such risks and dangers.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiffs' claims are barred by the Government Contractor Defense as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

- 12 -

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiffs and Plaintiff's decedent did not purchase any products directly or indirectly from Defendant and Plaintiffs nor Plaintiff's decedent neither received nor relied upon any representation, omission, or warranty allegedly made by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     In the event that any judgment is rendered against Defendant, it is entitled to an offset or reduction with respect to amounts received in settlement from other parties or collateral sources.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiffs' claim for any all damages other than pecuniary losses is barred by provisions of federal statute, namely the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §§30301-30308.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiffs' claims based upon strict product liability, negligence, and for exemplary or punitive damages, if any, violates the provisions of federal statute DOHSA, 46 U.S.C. §§30301-30308, the United States and California Constitutions, including the Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Defendant's product was designed, manufactured, assembled, and tested in accordance with all applicable United States governmental regulations and standards; thus, plaintiffs' claims are preempted by federal law through the Supremacy Clause of the United States Constitution.

/ / /

- 13 -

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

21.     Defendant owed no duty of care to plaintiffs or their decedent and, if Defendant

3

did, it did not breach any such duty.

4

5

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

6

22.     Plaintiffs' claims may be barred by the applicable statute of limitations or repose.

7

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

8

9

23.     Plaintiffs' claims are barred by the political question doctrine.

10

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11

24.     Plaintiffs' claims are barred by derivative governmental immunity. *Feres v. United*

12

*States*, 340 U.S. 135 (1950).

13

14

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

15

25.     Plaintiffs' claims may be preempted by the combatant activities exception and/or

16

the discretionary function exception to the Federal Tort Claims Act.

17

18

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

19

26.     Plaintiffs' claims may be barred if the government invokes the state secrets

20

privilege to preclude production of information necessary to Defendant's defense or to Plaintiffs'

21

prima facie case.

22

23

**TWENTY-SEVEN AFFIRMATIVE DEFENSE**

24

27.     The issues in the case are governed by federal statute and if any issue is

25

determined not to be governed by federal statute it may be governed by the laws of a state other

26

than California.

27

/ / /

28

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

3        28.     Some or all of the products complained of and/or documents relating to them are

4   in the possession of other parties and are unavailable for inspection rendering it impossible for

5   Defendants to prepare a defense.

6
## TWENTY-NINTH AFFIRMATIVE DEFENSE
7
8        29.     The Complaint, and each purported cause of action contained therein, is barred, in

9   whole or in part, by the contract specification defense.

10
## THIRTIETH AFFIRMATIVE DEFENSE
11        30.     Defendant reserves the right to amend its answer and plead additional or more

12   specific affirmative defenses as warranted by the facts determined through the conclusion of the

13   discovery process.

14
## PLAINTIFFS' DEMAND FOR JURY TRIAL
15
16        Defendant denies Plaintiffs have a right to a jury trial.

17

18        **WHEREFORE**, Sikorsky Aircraft Corporation requests (1) that plaintiffs take nothing by

19   this action and that the same be dismissed with prejudice on the merits; (2) that plaintiffs' claim

20   for any and all damages against Defendant be denied; (3) that Defendant recover its costs,

21   disbursements, and attorneys' fees incurred in this matter to the extent permitted by law; and (4)

22   that Defendant receive all other relief that this Court deems to be just and reasonable.

23

24

25

26   / / /

27   / / /

28   / / /

1    Dated: February 23, 2024                    RILEY SAFER HOLMES & CANCILA LLP

2

3

                                                 By: _____
4                                                    Christopher S. Hickey
                                                     Attorneys for Defendant
5                                                    SIKORSKY AIRCRAFT
                                                     CORPORATION
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies on February 23, 2024, these papers were filed via the Southern District of California's eFiling system, which will serve an electronic copy upon all counsel of record.

Respectfully submitted,

/s/ Christopher S. Hickey
RILEY SAFER HOLMES & CANCILA LLP
Christopher S. Hickey
100 Spectrum Center Drive, Ste. 650
Irvine, CA 92618
(949) 359-5500 (main)
(949) 359-5501 (fax)
chickey@rshc-law.com
jjerzy@rshc-law.com
docketdept@rshc-law.com

Attorneys for Defendant Sikorsky Aircraft
Corporation