UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MEGAN BURIAK, individually and on behalf of JAMES P. BURIAK, deceased, et al,

Plaintiffs,

v.

SIKORSKY AIRCRAFT CORP., a Delaware Corporation,

Defendants.

Case No.: 3:23-cv-01585-L-DEB

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S UNOPPOSED PETITION TO APPROVE MINOR'S COMPROMISE OF CLAIM**

**[ECF No. 79]**

Before the Court is Plaintiff Megan Buriak's Unopposed Petition to Approve Minor's Compromise of Claim. (ECF No. 79.) For the reasons set forth below, the Court **RECOMMENDS** to the Honorable M. James Lorenz that Plaintiff's Petition to Approve Minor's Compromise of Claim be **GRANTED**.

## I. BACKGROUND

Plaintiff C.B. is a minor appearing by and through his mother and guardian *ad litem,* Megan Buriak.

According to the allegations in the operative complaint, on August 31, 2021, a MH-60S "Seahawk" helicopter, Bureau Number 167899, assigned to the U.S.S. Abraham Lincoln, crashed into the ocean, killing Petty Officer Second Class James P. Buriak and

crew. (ECF No. 9 ¶ 27.) A "catastrophic failure of [the helicopter's] yellow main rotor blade damper hose [occurred] in flight, resulting in total loss of main rotor system dampening, which induced severe vibrations and uncontrollable ground resonance upon touchdown." *Id.* ¶ 32. The helicopter and damper system were designed and manufactured by Defendant Sikorsky Aircraft Corporation ("Sikorsky"). (*Id.* ¶ 17.)

On August 29, 2023, Plaintiffs Megan Buriak, C.B., a minor, Jill Culpepper, Lucas Burns, and Brad Bilyeu (collectively "Plaintiffs") commenced this action against Sikorsky in the United States District Court, Southern District of California. (ECF No. 1.) On February 05, 2024, Plaintiffs filed a Second Amended Complaint ("SAC"). (ECF No. 9.) Plaintiffs alleged claims of strict liability and negligence pursuant to the Death on the High Seas Act, 46 U.S.C. §§ 30301-30308 ("DOHSA") and sought damages arising out of the August 31, 2021, helicopter crash and resulting death of Buriak, Burns, and Tucker. (*Id.* ¶¶ 12, 40-70.) The SAC alleges that C.B. has suffered pecuniary losses, including loss of financial support, household services, and prospective inheritance, as well as the loss of his father's love, care, companionship, guidance, and moral support. (*Id.* ¶ 70.)

On March 9, 2026, Magistrate Judge Jill L. Burkhardt was assigned to handle the minor's compromise in this case. (ECF No. 71.)

On April 29, 2026, Plaintiff Megan Buriak filed an Unopposed Petition to Approve Minor's Compromise of Claim which sets forth the terms of the settlement reached with Megan Buriak and C.B. and the intended distribution of the settlement proceeds. (ECF No. 79.) On May 8, 2026, and May 11, 2026, renewed Unopposed Motions to File Unredacted Petition for Approval of Minor's Compromise and Settlement Materials Under Seal were filed. (ECF Nos. 81, 82.)[1]

---

[1] After consideration of the revised motions to file under seal, the Court finds compelling reason to seal the settlement amounts and the financial distribution to the minor beneficiary as this is highly sensitive information and redacting it will protect the interests of the parties, especially the minor. *See Medina v. Cnty. of Monterey*, No. 24-cv-0053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) (district courts within the Ninth

## II. LEGAL STANDARD

District courts have a special duty to safeguard the interests of minor litigants. "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 683 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). Courts reviewing the settlement of a minor's federal claim in the Ninth Circuit should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. Thus, the court's inquiry should be without consideration of adult co-plaintiffs or plaintiff's counsel's designated proportions of the total settlement. *Id*. (citing *Dacanay,* 573 F.2d at 1078 (1978)).

Regarding the court's duty to safeguard the minor's interests, Southern District of California Local Civil Rule 17.1.a provides,

> "[n]o action by or on behalf of a minor or incompetent, in which a minor or incompetent has an interest, will be settled, compromised, voluntarily dismissed or terminated without court order or judgement. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval, consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement compromise."

---

Circuit "have found compelling reasons to seal settlement amounts in individual settlements, especially where those settlements involve minors.") Accordingly, Plaintiff's May 11, 2026, Renewed Unopposed Motion to File Unredacted Petition for Approval of Minor's Compromise and Settlement Materials Under Seal is **GRANTED**. (ECF No. 82). On May 8, 2026, Plaintiff also filed a Renewed Unopposed Motion to File Unredacted Petition for Approval of Minor's Compromise and Settlement Materials Under Seal. (ECF No. 81.) As the relief requested is contained within the May 11, 2026, motion, the Court **DENIES** Plaintiff's motion **AS MOOT**. The Clerk of Court shall file under seal the documents lodged at CM/ECF No. 83 and ECF No. 83-1.

CivLR 17.1.a. The Court is required to determine whether the settlement is in the best interests of the minor, considering not only the fairness of the settlement, but also the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor. *See* CivLR 17.1.b.

As Plaintiffs' claims have been brought under the DOHSA, the Court will evaluate the reasonableness and fairness of Plaintiff's settlement under the *Robidoux* framework.

**III. DISCUSSION**

To fulfill its special duty to safeguard the interests of minors in the context of settlements proposed in a civil suit, the Court will analyze the reasonableness of the proposed settlement.

**A. Proposed Net Settlement Amount for Minor Plaintiff.**

1. <u>Terms of Settlement</u>

As set forth in the agreement, the total settlement amount to be awarded to Plaintiffs Megan Buriak and minor Plaintiff C.B is $962,566.81. (ECF No. 83-1 ¶ 2.) The proceeds are to be divided as follows: $802,566.81 to Plaintiff Megan Buriak; $160,000 to New York Life Insurance and Annuity Corporation FBO Brian Lawler to partially fund attorney Brian Lawler's periodic payments[2] and discharge Megan Buriak's obligation to pay attorney fees; $3,111.77 to Brian Lawler for life, payable monthly, guaranteed for 20 years, beginning on March 1, 2028; $94,056.51 (approximately ten percent) to C.B. to be paid from the amount awarded to Megan Buriak. (*Id*. ¶¶ 2.a-b, g.i-ii.)

---

[2] The periodic payments to Brian Lawler are also being funded by payments made pursuant to the releases signed by Lucas Burns and Brad Bilyeu. (ECF No. 83-1 ¶ 2.a.ii.) Following the guidance provided in *Robidoux*, the Court will focus its review on whether the net recovery to minor C.B. is reasonable, "without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182. Accordingly, the Court refrains from performing a review of the attorney's fees awarded under the terms of the settlement.

Minor C.B.'s settlement award will be distributed from Pilot Law's Client Trust Account directly into two blocked accounts: $62,704.34 will be placed in a Uniform Transfer to Minor's Account ("UTMA"), and $31,352.17 will be placed in a Transfer on Death ("TOD") Account. (*Id.* ¶¶ 2.g.i-ii.)

As part of the settlement agreement, Plaintiff Megan Buriak individually, as the personal representative of the estate of James P. Buriak, and as the guardian *ad litem for* the minor C.B. (referred to as "Releasor") agrees to release Defendant from all claims and liabilities of any nature. (*Id.* ¶ 3.) Releasor also agrees to release and discharge all claims and causes of action for all losses and damages arising from or related to the incident forming the basis of this suit, including those presently known and unknown. (*Id.* ¶ 4.) Further, Releasor agrees to fully satisfy and indemnify and hold harmless Defendants from any liens held by any health care providers, insurance companies, Medicare or Medicaid, or other professionals. (*Id.* ¶ 5.) Additionally, Releasor agrees to uphold confidentiality and refrain from making public statements concerning this action or agreement. (*Id.* ¶ 8.)

2. <u>Analysis</u>

Minor Plaintiff C.B.'s $94,056.51 net recovery reflects fair compensation for his alleged damages resulting from the death of his father. This proposed recovery is similar to the approved recoveries garnered by settling minors in other cases in this Circuit. *See, e.g., Est. of Villalobos v. U.S.*, No. 22-cv-0315-RBM-AHG-MMP, 2025 WL 2638531, at *3 (S.D. Cal. Sept. 12, 2025) (holding minor plaintiff's net recovery of $108,046.04 to be fair and reasonable when father was killed in altercation with border patrol agents); *Est. of Alvarado v. Tackett*, No. 13cv1202-LL, 2019 WL 4573714, at *3-4 (S.D. Cal. Sept. 20, 2019) (approving net recovery of $55,000 for each minor plaintiff as reasonable in action for alleged wrongful death of parent); *Est. of Cesena v. U.S.*, No. 15-CV-2241-WVG, 2018 WL 538963, at *1-2 (S.D. Cal. Jan. 23, 2018) (finding minor's net recovery of $45,306.40 after fees and costs to be fair and reasonable in case alleging wrongful death of father); *Napier by and through Quiroz v. San Diego Cnty.*, No. 15-cv-00581-CAB-(KSC), 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) (holding minor's net recovery of

$41,125.00 for wrongful death of parent to be reasonable based on facts of the case). *See also M.A.L. v. City of Fontana*, No. 15-cv-00940-VAP (SPx), 2019 WL 13032400, at *10 (C.D. Cal. Jan. 7, 2019) (finding net recovery of $50,034.58 for each minor plaintiff fair and reasonable in wrongful death of parent suit).

Here, the facts surrounding Plaintiffs' claims have been thoroughly investigated and developed, the settlement allows for certainty of recovery for the minor Plaintiff C.B., and the recovery is fair and reasonable under the circumstances. Thus, upon consideration of the facts of the case, Plaintiff's claims, the risk associated with trial, and the recoveries in similar actions, the Court concludes that the proposed settlement is fair and reasonable under the *Robidoux* standard.

**B. Method of Disbursement**

"Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq*." CivLR 17.1.b.1. Under California law, several options for the disbursement of settlement funds to a minor are available to courts. *See* Cal. Prob. Code § 3610 ("When money or other property is to be paid or delivered for the benefit of a minor or person with a disability under a compromise, covenant, order or judgment, . . . the remaining balance of the money . . . shall be paid, delivered, deposited, or invested as provided in this article."). *See also* Cal. Prob. Code § 3611(f) ("If the remaining balance of the money and other property to be paid or delivered is to be paid or delivered for the benefit of the minor, that all or any part of the money and other property be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act, Part 9 (commencing with Section 3900).").

Per the settlement agreement, Defendant will make a one-time payment via check or wire transfer to the Client Trust Account of Pilot Law P.C. to account number ending 3155, routing number ending 0358 of $802,566.81, payable to Plaintiff Megan Buriak. (ECF No.

83-1 ¶ 2.a.i.)[3] Plaintiff's attorney will distribute funds from the Client Trust Account into two separate blocked accounts for C.B.: $62,704.34 will be placed in Uniform Transfer to Minor's Account ("UTMA"), ending in 8549, and $31,352.17 will be placed in Transfer on Death ("TOD") Account, ending in 5680. (*Id.* ¶ 2.g.i.)

The proposed method of disbursement of the settlement funds for the minor is consistent with the California Probate Code. The Court finds the manner of the disbursement of settlement funds into the two trust accounts on behalf of C.B. to be appropriate.

## IV. CONCLUSION

After conducting an independent evaluation of the proposed settlement, and reviewing the Petition for Minors Compromise, along with its supporting documents, the Court finds the settlement of Minor Plaintiff's claims for a net recovery of $94,056.51 to be fair and reasonable. For the foregoing reasons, the Court **RECOMMENDS** to the Honorable M. James Lorenz that:

1. Plaintiff's Petition for Approval of Minor's Compromise be **GRANTED**.
2. Within seventy-two hours of receipt of a check payable to the Client Trust Account on behalf of Megan Buriak, Attorney Brian Lawler deposit the minor Plaintiff's net settlement amount (**$94,056.51**) into the blocked accounts (**$62,704.34** in the UTMA, **$31,352.17** in the TOD). Until C.B. reaches the age of majority, no withdrawals of principal or interest may be made from either blocked account without an order from the appropriate state court. When the minor reaches the age

---

3 Per the Parties' agreement, Defendant will also make a one-time payment via check or wire transfer to New York Life Insurance and Annuity Corporation FBO Brian Lawler of $160,000.00. (ECF No.83-1 ¶ 2.a.ii.) Plaintiff's attorney's fees will be paid in monthly payments of $3,111.77, beginning on 03/01/2028, with guaranteed payments for 20 years. (*Id.* ¶ 2.b.i.) These payments will first be funded by the $160,000.00 deposited into the New York Life Insurance Account. (*Id.*)

of eighteen, the depository, without further order of the Court, is authorized to pay by check or draft directly to the Plaintiff, upon proper demand, all monies due under the Court's order. Attorney Brian Lawler shall deliver a copy of the order to the depository at the time of the deposit.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation regarding approval of the minor's compromise must be filed with the Court and served on all parties within 14 days of the date this order is docketed.[4] The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED**.

Dated: August 3, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[4] While the federal statutory scheme provides a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that the petition in this case is unopposed. (*See* Fed. R. Civ. P. 72; ECF No. 79.) Therefore, if all parties wish to waive the objections period, they should file a joint stipulation to that effect as soon as practicable.